UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SKURKA AEROSPACE, INC., | ) | Case No.: 1:08 CV 1565 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| EATON AEROSPACE, L.L.C., | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending in the above-captioned case between Plaintiff Skurka Aerospace, Inc. ("Skurka" or "Plaintiff") and Defendant Eaton Aerospace L.L.C. ("Eaton" or "Defendant") is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 40). For the following reasons, the court grants in part and denies in part Defendant's Motion to Dismiss.

**I. FACTS AND PROCEDURAL HISTORY**

The parties entered into an Asset Purchase Agreement ("APA") on June 30, 2005, under which Skurka acquired substantially all of the assets of an Eaton division. The parties also entered into a Supply Agreement, which required Eaton to purchase certain specific motor products exclusively from Skurka from June 30, 2005, through June 30, 2012. Skurka alleges various claims arising out of these contracts. In Count I, Skurka alleges that Eaton breached the Supply Agreement. In Count II, Skurka makes a claim for declaratory judgment. Count

III is for a breach of the APA. Count IV is a claim for conversion, and Count V is a claim for misappropriation of trade secrets. Count VI is a claim for replevin; Count VII is for fraud; and Count VIII is for an accounting. (Sec. Am. Compl., ECF No. 37.)

Eaton argues in its Motion to Dismiss that Counts III, IV, V, VI, and VIII should be dismissed. However, on February 23, 2011, Eaton amended its Motion to Dismiss (Def.'s Notice Regarding Pending Dispositive Motions, ECF No. 154). Eaton stated that it

> hereby withdraws the following portions of its Motion to Dismiss (Dkt. 40), without prejudice to raising the same issues in a forthcoming motion for summary judgment: (1) Skurka's Count III for Breach of the APA, (2) Skurka's Count V for Misappropriation of Trade Secrets, and (3) Skurka's Count VI for Replevin. Eaton intends to seek summary judgment on each of the foregoing claims based on the record evidence.

(*Id*., at pp. 1-2.) Therefore, the only two claims that Eaton seeks to dismiss at this stage are "(1) Skurka's Count IV for Conversion, and (2) Skurka's Count VIII for an Accounting." (*Id*., at p. 2.)

## II. LEGAL STANDARD

The court examines the legal sufficiency of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and recently in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) clarified the law regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The

plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a Complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 129 S.Ct. at 1949, further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III. LAW AND ANALYSIS

#### A. Count IV for Conversion

Skurka alleges in Count IV that Eaton's retention of certain Intellectual Property and/or copies thereof amounted to conversion. (Sec. Am. Compl., ECF No. 37, ¶ 113.) Eaton argues

that Skurka's conversion claim is barred by the economic loss rule. The economic loss rule states that a party cannot receive relief in tort law when the claim arises out of contractual duties. *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n*, 560 N.E. 2d 206, 211 (Ohio 1990) ("Tort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement."). Pursuant to the economic loss rule, a conversion action cannot be maintained against a party to a contract unless the conversion claim alleges that the breach of duty owed is separate from obligations created by the contract between the parties. *Jean v. Works*, Sl. Cop., No. 1:04CV1904, 2006 WL 1966644, at *5 (N.D. Ohio July 5, 2006) (quoting *DeNune v. Consolidated Capital of North America, Inc.*, 288 F. Supp. 2d 844, 854 (N.D. Ohio 2003)). Ohio's economic loss rule "prevents a plaintiff who has suffered only economic losses from recovering tort damages." *Lifelink Pharmaceuticals, Inc. V. NDA Consulting, Inc.*, 5:07-CV-785, 2007 U.S. Dist. Lexis 57342, *13 (N.D. Ohio Aug. 7, 2007) (citing *Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.*, 835 N.E.2d 701, 704 (Ohio 2005)).

In this case, Skurka pleads non-economic losses. Skurka alleges that "Eaton's conversion of the Intellectual Property has also damaged Skurka's goodwill and reputation in the market and industry." (Sec. Am. Compl., ECF No. 37, ¶ 116.) Harm to goodwill and reputation constitute non-economic losses. *See Ferro Corp. v. Blaw Knox Food & Chem. Equip.*, 121 Ohio App. 3d 434, 443 (1997) (noting that plaintiff's damages for loss of consumer goodwill and status in the industry is "property damage" and not mere economic loss); *MyVitaNet.com v. Kowalski*, No. 2:08-cv-48, 2008 U.S. Dist. LEXIS 57745, at *26 (S.D. Ohio July 29, 2008) (The economic-loss doctrine does not apply where Plaintiffs sought

damages for "loss of goodwill," and as a consequence, they claimed relief "beyond only economic loss."). Because Ohio's economic loss rule only prohibits tort claims based on contractual duties for purely economic loss, Skurka's claim for conversion does not fall within the purview of the economic loss doctrine. Therefore, the court finds that Skurka properly stated a claim for conversion in Count IV of its Second Amended Complaint.

### B. Count VIII for Accounting

#### 1. Legal Requirement

Skurka alleges in Count VIII that Eaton is required to provide a full account of all of Skurka's Intellectual Property and copies thereof that remain in Eaton's possession, custody, or control. (Sec. Am. Compl., ECF No. 37, ¶ 196.) The definition of "accounting is a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is due him from another." *Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972). Merely stating a claim for an accounting is not sufficient to withstand a motion to dismiss; rather, a plaintiff must provide a legal basis for an accounting. *Davis v. DCB Finance Corp.*, 259 F. Supp. 2d 664, 674 (S.D. Ohio 2003).

Eaton argues that the right to an accounting arises out of a fiduciary relationship, and in the absence of such relationship, "requests for an accounting … do not describe independent causes of action and are properly dismissed." *In re Amcast Indus. Corp.*, 365 B.R. 91, 123 (S.D. Ohio 2007). Eaton further argues that an equitable remedy is not available when an adequate remedy at law exists. *Stainbrook v. Fox Broad. Co.*, Sl. Cop., No. 3:05 CV 7380, 2006 WL 3757643, at *4-5 (N.D. Ohio Dec. 19, 2006).

The court in *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, No. 2:06-CV-00126, 2007 U.S. Dist. LEXIS 29360, at *13 (S.D. Ohio April 16, 2007), explained what legal bases and facts need to be set forth under Ohio law to state a claim for accounting:

> Such legal bases and operative facts could have been pled in the form of "fraud, fiduciary or trust relationship, and necessity." *Miller Med. Sales v. Worstell*, No. 91AP-610, 1992 Ohio App. LEXIS 779, at *18 (Ohio Ct. App. Feb. 18, 1992). Or, Defendants could have pled that "mutual accounts" or "circumstances of great complication" existed between the parties. *Chapman v. Lee*, 45 Ohio St. 356, 13 N.E. 736, 740 (Ohio 1887). Alternatively, the Defendants could have argued that the Plaintiffs had "possession of profits to which another person is entitled to share, regardless of what [their] relationship may have been at the time the profits were earned." *Baccelieri v. Heath*, 158 Ohio St. 481, 110 N.E.2d 130, 134 (Ohio 1953).

*See also Miller Medical Sales v. Worstell*, No. 91AP-610, 1992 Ohio App. LEXIS 779, *18 (Ohio Ct. App., 10th Dist. Feb. 18, 1992) ("Ordinarily, the elements required for such relief are fraud, fiduciary or trust relationship, and necessity."); *Rare Coin Enterprises Ltd. v. Chrans*, No. 3:05 CV 7473, 2006 WL 2373281, at *1 (N.D. Ohio Aug. 16, 2006) ("[A]n accounting is not a remedy for breach of contract action, but rather rises out of an action for breach of fiduciary duty or other trust relationship between the parties.")

### 2. Analysis

Skurka has not shown that the remedy available at law is inadequate. Under Ohio law, "where there is an adequate remedy at law, an equitable remedy is improper." *McNulty v. PLS Acquisition Corp.*, Nos. 79025, 79125, 79195, 2002 WL 31875200, ¶ 80 (Ohio App. 8 Dist. Dec. 26, 2002). As explained in *Executone of Columbus,* 2007 U.S. Dist. LEXIS 29360, at * 12,

> It will be the rare case where an equitable accounting lies, since legal remedies are more adequate; discovery is liberal under the Federal

-6-

> Rules of Civil Procedure; and the requirement of inadequacy of remedy at law remains the same. . . . Defendants' case is not one of those "rare cases" since their damages are readily ascertainable through discovery.

*See also Boland v. First Winthrop Corp.*, 2010 U.S. Dist. LEXIS 77609, *7-8 (S.D. Ohio Aug. 2, 2010) ("Equitable accounting actions are rare since the advent of the Federal Rules of Civil Procedure because the liberal standards of the Rules generally afford plaintiffs the opportunity to obtain discovery relevant to their asserted claim."); *Phillippi v. Jim Phillippi, Inc.*, 2009 U.S. Dist. LEXIS 66169, *6 (S.D. Ohio June 26, 2009) ("Under the Federal Rules of Civil Procedure, in connection with his breach of fiduciary duty claim, Phillippi has a liberal discovery right to determine the extent to which Defendants allegedly commingled and misused corporate funds. . . . But if Phillippi is dissatisfied with Defendants' discovery responses, his appropriate remedy is a motion to compel discovery--not an accounting claim."); *Bradshaw*, 454 F.2d at 79 ("[An accounting] is an extraordinary remedy, and like other equitable remedies, is available only when legal remedies are inadequate. . . . the liberal discovery procedures of the Federal Rules operate to make the legal remedies more 'adequate' than before."); *Digital 2000, Inc. v. Bear Commc'ns., Inc.*, 130 F. App'x 12, 23 (6th Cir. 2005) ("In light of the broad discovery available to litigants, accounting actions are of dubious utility.") (relying on Michigan state law); *Fid. Nat'l Title Ins. Co. v. Title First Agency, Inc.*, 2008 U.S. Dist. LEXIS 72598, *35 ( E.D. Mich. Sept. 22, 2008) ("Title First's case is not one of those rare cases, since its damages are readily ascertainable through discovery.")

Furthermore, Skurka has not pled a fiduciary relationship or that the complicated circumstances of this case warrant an accounting. Skurka agrees with this legal standard, which is outlined in *Executone*. (Pl.'s Memo. in Opp. to Mot. to Dismiss, ECF No. 53, at p.

29 (Quoting *Executone of Columbus*, Skurka states: "[t]his can be established by pleading facts that demonstrate 'fraud, fiduciary or trust relationship, and necessity' or that show that 'circumstances of great complication' existed between the parties.").) However, Skurka maintains that because it alleged that Eaton acted fraudulently, it properly stated a claim for an accounting. This is not the standard. Skurka also needed to plead that a fiduciary relationship exists and that an accounting is necessary or that "circumstances of great complication" exist between the parties. *Executone of Columbus*, 2007 U.S. Dist. LEXIS 29360, at *13. Skurka has not pled that the relationship between the parties is of such a complicated nature as to justify an equitable accounting. Skurka only alleges that "Eaton maintains complete control over the information ... [and] Skurka cannot determine what Eaton owes under the Supply Agreement from July 1, 2005 to the present absent a full accounting." (Sec. Am. Compl., ¶¶ 198-99.)  The court hereby dismisses Count VIII of Plaintiff's Second Amended Complaint.

## IV.  CONCLUSION

For the foregoing reasons, the court hereby grants in part and denies in part Defendant's Motion to Dismiss (ECF No. 40). Count IV remains. Count VIII is dismissed.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT

March 25, 2011