UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SKURKA AEROSPACE, INC., | ) | Case No.: 1:08 CV 1565 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| EATON AEROSPACE, L.L.C., | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court is Defendant Eaton Aerospace, L.L.C.'s ("Eaton" or "Defendant") Motion for Reconsideration of the Court's September 8, 2011 (DKT. 179) ("Motion to Reconsider" or "Motion") (ECF No. 187.) For the reasons stated herein, the court grants in part, and denies in part, said Motion.

## I. FACTS AND PROCEDURAL HISTORY

This case primarily involves two contracts, an Asset Purchase Agreement ("APA") that transferred assets from one of Eaton's divisions to Plaintiff Skurka Aerospace, Inc. ("Skurka" or "Plaintiff"), and a Supply Agreement that required Eaton to purchase specific products from Skurka. The parties are currently involved in discovery-related disputes.

Each party filed a Motion to Compel Discovery Responses arguing, that the opposing party had improperly classified documents as protected from disclosure by the work-product doctrine or the attorney-client privilege. Eaton attached to its Motion, for exemplary purposes, Exhibits A–E. (*See* Def. Mot. for Recons., at 2, ECF No. 187.) These documents were in Eaton's privilege log as

numbered document entries, but the court was unaware that Exhibits A–E were privilege log entries to be founded. The court reviewed these exhibits and made a ruling on whether the exhibits were protected from disclosure. Specifically, the court found that Exhibit A and E were not protected by the attorney work-product doctrine as asserted and ordered them produced to Skurka within seven days. (Order, at 18, 20, ECF No. 179.)

The parties interpreted the court's Order differently in regard to whether Exhibit A and E had to be produced in their entirety. Skurka understood the Order to require Eaton to produce Exhibits A and E to Skurka in their entirety and produce all other presentations in redacted form. (Ex. 2, Email from Hugh McKay, Attorney for Skurka, to James Robenalt, Attorney for Eaton (Sept. 20, 2011 04:58 PM), ECF No. 190-2.) Eaton understood the order to require it to produce all presentations to Skurka in redacted form, which excluded Exhibit E. *See* (Ex. 3, Email from Maria Citeroni, Attorney for Eaton, to Hugh McKay, Attorney for Skurka (Sept. 20, 2011 05:19 PM), ECF No. 190-3.)

Eaton produced Exhibit A to Skurka in redacted form, but refused to produce Exhibit E to Skurka. (Ex. 3, ECF No. 190-3;) (Pl.'s Resp. to Def. Mot. for Recons., at 1, ECF No. 190.) Skurka's counsel and Eaton's counsel exchanged several communications about the matter. In those communications, Eaton's counsel identified Exhibit A as privilege log entry 395 and Exhibit E as privilege log entry 4279. (Ex. 3, ECF No. 190-3.) As to Exhibit E, Eaton recognized that the court had held that it was not protected from disclosure after review under the work-product doctrine, but also knew that the court unknowingly requested the same document, listed as privilege log entry 4279, for in camera review to determine whether it was privileged. (Ex. 3, ECF No. 190-3;) (Def. Mot. for Recons., at 3, ECF No. 187.) Eaton indicated in its Motion for Reconsideration that it

erroneously described Exhibit E as part of the "A Glimpse Into Eaton Corporation" presentations, which the court required to be produced. (Def. Mot. for Recons., at 3, ECF No. 187.) Eaton decided to wait to see how the court ruled following in camera inspection on privilege log entry 4279, aka Exhibit E, before producing Exhibit E to Skurka. (*See* Ex. 3, ECF No. 190-3;) (Pl.'s Resp. to Def. Mot. for Recons., at 1, ECF No. 190.) Skurka warned Eaton that it would take the matter up with the court and advised Eaton to notify the court that Exhibit E and privilege log entry 4279 were the same document. (Ex. 3, ECF No. 190-3.) Subsequently, Eaton filed this Motion.

Eaton requests that the court reconsider the September 8, 2011 Order, ECF No. 179 regarding its ruling that Eaton produce Exhibits A and E to Skurka. Skurka argues that Eaton has no legal grounds for its Motion, and therefore, the court should deny the Motion.

## II. LEGAL STANDARD

The Sixth Circuit has stated that courts in this district "have inherent power to reconsider interlocutory orders . . . before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1283 (6th Cir. 1991) (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943)). The court may also modify interlocutory orders. *Id.* (citing *Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922).)

## III. LAW AND ANALYSIS

### A. Timeliness

As a preliminary matter, Skurka argues that Eaton's motion is untimely. Skurka asserts that the court ordered Eaton to produce the documents that are the subject of the Motion for Reconsideration by September 15, 2011, and because Eaton failed to file its Motion before September 15, 2011, it is untimely. (Pl.'s Resp. to Def. Mot. for Recons., at 9, ECF No. 190.) Skurka

is correct in that Eaton should have brought any concerns it had with the Order to the court's attention prior to the date Eaton was due to produce documents to Skurka. The court will, however, in its discretion, consider the Motion.

Additionally, the court is concerned that Eaton did not alert the court to the fact that the court had ordered a document to be produced for in camera review that it had already reviewed until after Skurka warned that it would inform the court. Eaton should have alerted the court as soon as it realized that mistakes had been made.

### B. Reconsideration of *Exhibit A* Document

In the Order, the court found that Exhibit A was not protected by the attorney-work product doctrine as Eaton asserted in its briefing (Sept. 8, 2011 Order, at 17–18, ECF No. 179.) Next, the court ordered that Eaton produce the remaining documents that were similar to Exhibit A to Skurka in redacted form. *Id.* at 18. Since, the court found that Exhibit A was not protected, Exhibit A should have been produced to Skurka without any redactions. Eaton has not produced an unredacted version of Exhibit A to Skurka and has asked the court to reconsider this point in the Order.

Eaton asserts that the ground for the request is Eaton's failure to clearly present evidence to the court that supported its claim of privilege. Eaton explains:

> "Exhibit A" document is a PowerPoint presentation that was provided to the Court, under seal, for examplar [sic] purposes only. It was created by Eaton attorney Marv Union, and was analyzed by the Court under Eaton's claim of work product as recited in Eaton's privilege log. Exhibit A, as submitted, did not include a reference to its cover email – which expressly provides that the attached PowerPoint presentation was created by Marv Union, "Eaton legal counsel." The cover email was actually produced to the Court, under seal, as Exhibit B to Eaton's brief. Exhibit B is identified in Eaton's privilege log as relaying attorney-client advice because it summarizes and transmits to Eaton personnel information that was presented by attorney Marv Union in Exhibit A. The Court did not find Exhibit B

> to be "unprotected. Indeed on its face the cover email relates that it contains legal advice from one of Eaton's attorneys. Specifically, the email states that it is a "summary of the meeting held with Eaton legal counsel [Marv Union] in Grand Rapids on 2/19/07…." (The redacted version of Exhibit B with Exhibit A attached to it is attached hereto as Attachment 1—this version of these two documents was provided to Skurka in redacted form as Document 4294.) The email also states that it is attaching a copy of "the material presented by Marv related to the do's and don'ts associated with reverse engineering activities." (*Id.*).

Skurka argues that the reasons advanced by Eaton do not justify reconsideration of the court's Order.

Based on the information the court previously had before it, the court correctly found that Exhibit A was not protected as attorney work product. However, Eaton has now raised additional factors, which it maintains will demonstrate the documents is protected from disclosure by the attorney-client privilege.

When submitting Exhibit A to the court, Eaton failed to notify the court of the corresponding privilege log entry**.** The court concluded, in reviewing Eaton's Motion responding to Plaintiff's Motion to Compel that the document was not protected from disclosure by the work product doctrine. *See* (Def. Resp. to Pl.'s Mem. Identifying Docs. for In-Camera Review, at 4, ECF No. 159*)* (explaining that the presentation was prepared by an Eaton attorney "specifically because of the high potential for [intellectual property or patent-related] litigation.").

In the instant Motion for Reconsideration, Eaton indicates that Exhibit A is part of privilege log entry 4294. Eaton urges the court to review Exhibit A with its cover email. When so considered, Eaton maintains that the court will find that Exhibit A clearly falls within the attorney-client privilege.

The court notes that in the email of Eaton's counsel to Skurka's counsel, Eaton's counsel

identified Exhibit A as entry 395. (*See* Ex. 3, Email from Maria Citeroni, Attorney for Eaton, to Hugh McKay, Attorney for Skurka (Sept. 20, 2011 05:19 PM)). Entry 395 clearly asserts that the document is protected by the attorney-work product doctrine. The court did not error in its prior Order, as entry 395 is not protected work product.

However, upon reconsideration of the new evidence presented by Eaton it is clear that Exhibit A, as part of privilege log entry 4294, is protected from disclosure by the attorney-client privilege.

Attorney-client privilege protects "confidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976). The attorney-client privilege "places the seal of secrecy upon communications between client and attorney [and] is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure." *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888).

The presentation along with its cover email is clearly privileged. Now that the court is aware that the presentation is confidential communication between Eaton's counsel and Eaton in order to obtain legal advice, the court finds Exhibit A is privileged and that Eaton is permitted to shield it from disclosure.

### C. Reconsideration of *Exhibit E* Document

As to Exhibit E, Eaton asserts that the ground for its Motion to Reconsider is that it erroneously addressed Exhibit E in the wrong section of its brief.

The court previously ruled that Exhibit E is not protected work-product. Eaton asks the court

to review Exhibit E again with the documents the court is reviewing in camera. The court reviewed Exhibit E, privilege log entry 4279, again, and for the reasons set forth in the court's Order on the Results of the In Camera Review, the court determined that the document is not protected work product and must be produced.

## IV. CONCLUSION

For the foregoing reasons, the court hereby grants in part, and denies in part Defendant's Motion for Reconsideration (ECF No. 187).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 20, 2011